UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MICHAEL BURROWS,

        Plaintiff,

v.

        3:15-CV-1266
        (GTS/WBC)

CAROLYN W. COLVIN, Comm'r of Soc. Sec.,[1]

        Defendant.
_____

APPEARANCES:                                    OF COUNSEL:

LACHMAN & GORTON                     PETER A. GORTON, ESQ.
  Counsel for Plaintiff
P.O. Box 89
1500 East Main Street
Endicott, New York 13761

SOCIAL SECURITY ADMINISTRATION      FERGUS J. KAISER, ESQ.
OFFICE OF REG'L GEN. COUNSEL–REGION II  Special Assistant U.S. Attorney
  Counsel for Defendant
26 Federal Plaza, Room 3904
New York, New York 10278

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

Currently before the Court, in this action filed by Michael Burrows ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "Commissioner") pursuant to 42 U.S.C. § 405(g) seeking Social Security benefits, are the following: (1) the Report-Recommendation of United States Magistrate Judge William B. Mitchell Carter, recommending that the

---

    [1]     Because Nancy A. Berryhill is now the Acting Commissioner of Social Security, the Clerk of the Court is directed to substitute her for Acting Commissioner of Social Security Carolyn W. Colvin as the Defendant in this action, pursuant to Fed. R. Civ. P. 25(d).

Commissioner's motion for judgment on the pleadings be granted, that Plaintiff's motion for judgment on the pleadings be denied, that the Commissioner's decision be affirmed, and that Plaintiff's Complaint be dismissed; and (2) Plaintiff's Objection to the Report-Recommendation. (Dkt. Nos. 19, 20.) For the reasons stated below, the Report-Recommendation is adopted, the Commissioner's motion for judgment on the pleadings is granted, Plaintiff's motion for judgment on the pleadings is denied, the Commissioner's decision is affirmed, and Plaintiff's Complaint is dismissed.

**I.     RELEVANT BACKGROUND**

    **A.     Factual Background and Procedural History**

Because this Decision and Order is intended primarily for the review of the parties, and they have not objected to Parts I.A., I.B., and I.C. of the Report-Recommendation, which correctly recite the factual background and procedural history of this action, the Court will not repeat that information in this Decision and Order, but will respectfully refer the reader to Parts I.A., I.B. and I.C. of the Report-Recommendation. (Dkt. No. 19, at Parts I.A., I.B., and I.C.)

    **B.     Parties' Arguments on Their Motions for Judgment on the Pleadings**

        **1.     Plaintiff's Brief**

Generally, in his brief in support of his motion, Plaintiff asserts four arguments: (1) the Administrative Law Judge's ("ALJ") mental Residual Functional Capacity ("RFC") determination was not supported by substantial evidence because the opinions of psychologist Robert Russell, Ed.D., consultative examining psychologist Cheryl Loomis, Ph.D., and licensed clinical social worker Lydia Smith support the conclusion that he suffers a substantial loss in one or more of the basic mental demands of work; (2) although the ALJ found that Plaintiff's

2

borderline intellectual functioning constituted a severe impairment, the ALJ failed to consider the limitations resulting from this impairment in formulating Plaintiff's mental RFC and in the hypothetical question posed to the vocational expert ("VE")[2]; (3) the ALJ failed to consider Plaintiff's limitations in dealing with stress and maintaining attention and concentration in formulating Plaintiff's mental RFC determination and in the hypothetical given to the VE; and (4) the ALJ's determination at Step Five is not supported by substantial evidence because, as discussed above, the ALJ erred in formulating his mental RFC, and the hypothetical question posed to the VE–which was based on the erroneous RFC–did not accurately reflect Plaintiff's impairments. (Dkt. No. 9, at Points I-IV.)

---

[2] Specifically, within this argument, Plaintiff argues as follows: (a) the ALJ erred in according Dr. Russell's opinions "reduced weight" (rather than controlling weight) because (i) the ALJ's conclusion that Dr. Russell's opinions were not consistent with the record evidence, including his examination and testing, is "simply wrong," (ii) neither Dr. Loomis nor state agency medical consultant L. Blackwell, Ph.D.–whose opinions the ALJ compared with Dr. Russell's opinions–performed intellectual testing or had the benefit of Dr. Russell's intellectual assessments in formulating their opinions, (iii) the ALJ's finding that Dr. Russell's opinions were inconsistent with Dr. Loomis's opinions is "disingenuous," given that Dr. Loomis opined that Plaintiff cannot make appropriate decisions, deal with stress, or maintain attention and concentration, and the ALJ improperly rejected this portion of Dr. Loomis's opinion, and (iv) based on the factors contained in 20 C.F.R. § 404.1527(c), Dr. Russell's opinions should have been given at least significant weight; (b) the ALJ erred in disregarding the portions of Dr. Loomis's opinions in which he concluded that Plaintiff cannot make appropriate decisions, deal with stress, or maintain attention and concentration, because these opinions were supported by the record evidence, including Dr. Loomis's own testing; (c) to the extent that Dr. Loomis's report contained internal inconsistencies, the ALJ erred in failing to re-contact Dr. Loomis for clarification; and (d) the ALJ erred in according the opinion of Dr. Blackwell, a state agency consultant, significant weight, because Dr. Blackwell did not treat or examine Plaintiff, her opinion was rendered without the benefit of records after January 2013 or results from testing performed by Dr. Russell and Dr. Loomis, and her opinion was inconsistent with the opinions of the examining providers of record. (Dkt. No. 9 at 8-16.)

3

2. **Defendant's Brief**

Generally, in her brief in support of her motion, Defendant asserts the following three arguments: (1) the ALJ's RFC determination is supported by substantial evidence; (2) the ALJ properly assessed the medical opinions of Dr. Russell, Dr. Loomis, and Dr. Blackwell by weighing the evidentiary record as a whole, and Plaintiff's arguments with respect to the ALJ's assessments constitute mere disagreement with the ALJ's consideration of conflicting evidence; and (3) because the ALJ's RFC determination was supported by substantial evidence, the ALJ's hypothetical question at Step Five (which tracked his RFC determination) properly accounted for Plaintiff's impairments and yielded testimony from the VE constituting substantial evidence. (Dkt. No. 17, at Points IV-VI.)

C. **Magistrate Judge Carter's Report-Recommendation**

Generally, in his Report-Recommendation, Magistrate Judge Carter rendered the following three findings of fact and conclusions of law: (1) the ALJ committed no error in his RFC determination because (a) he properly found that Dr. Russell's opinions with respect to Plaintiff's limitations (which, as the ALJ noted, were set forth in a Department of Social Services form) were inconsistent with other record evidence, including his own treatment notes reflecting that Plaintiff's condition improved and that his case was eventually closed, (b) although Dr. Loomis and Dr. Blackwell did not have the benefit of intellectual testing performed by Dr. Russell when they formulated their opinions, the ALJ did not err in comparing these opinions, given that both Dr. Loomis and Dr. Blackwell also found that Plaintiff had below-average intellectual functioning, (c) he properly concluded that some aspects of Dr. Russell's opinion was inconsistent with Dr. Loomis's opinion, and his thorough review of the record does not support

4

the conclusion that his assessments of these opinions were "disingenuous," (d) he did not err in declining to adopt Dr. Loomis's opinions that Plaintiff could not make appropriate decisions, deal with stress, and maintain attention and concentration, given that (i) Dr. Loomis noted on examination that Plaintiff's attention and concentration were only mildly impaired, and (ii) Dr. Loomis noted that Plaintiff's symptoms were not significant enough to interfere with his ability to function on a daily basis, (e) he did not erroneously fail to re-contact Dr. Loomis, given that other substantial record evidence properly supported his determinations, and (f) he did not err in affording Dr. Blackwell's opinion significant weight; (2) the ALJ's discussion of the record evidence (including Plaintiff's intellectual disability and limitations, the fact that Plaintiff held a job for many years and obtained a GED, and a review of Dr. Loomis's opinion, which took into account Plaintiff's intellectual functioning) demonstrates that he properly considered Plaintiff's intellectual functioning; and (3) the ALJ's RFC determination and hypothetical question posed to the VE properly accounted for Plaintiff's limitations, including those in maintaining attention and concentration and dealing with stress, and, as a result, the ALJ's Step Five determination was supported by substantial evidence. (Dkt. No. 19, at Part IV.)

### D. Plaintiff's Objection to the Report-Recommendation

Generally, in his Objection to the Report-Recommendation, Plaintiff asserts the following seven arguments: (1) the ALJ (and Magistrate Judge) incorrectly concluded that Dr. Russell's RFC assessment that Plaintiff cannot work was not corroborated by his treatment notes and objective IQ testing; (2) the ALJ (and Magistrate Judge) erred in finding that Dr. Russell's

5

opinion was inconsistent with Dr. Loomis's opinion[3] because (a) these opinions were, in fact, largely consistent, and (b) in finding the opinions inconsistent, the ALJ did not consider Dr. Loomis's opinion in full, but rather compared only that portion that he credited with Dr. Russell's opinion; (3) the Magistrate Judge erred in concluding that, by merely noting that Plaintiff "appeared" to be functioning at a below-average level, Dr. Loomis (and, by extension, Dr. Blackwell) appreciated and properly accounted for Plaintiff's borderline intellectual functioning in formulating her opinion; (4) the ALJ (and the Magistrate Judge) erred in finding that Dr. Loomis's opinion provided substantial contrary evidence to justify affording Dr. Russell's opinion reduced weight (as opposed to controlling or significant weight) because (a) as noted above, Dr. Loomis's opinion was largely consistent with Dr. Russell's opinion, (b) as noted above, Dr. Loomis did not appreciate the limitations resulting from Plaintiff's intellectual functioning, (c) to the extent that Dr. Loomis's opinion contained inconsistences, the ALJ arbitrarily credited some portions as opposed to other portions, and the ALJ should have re-contacted Dr. Loomis to resolve the inconsistencies, (d) the fact that Dr. Loomis opined that Plaintiff can perform simple tasks (a work skill level) is not inconsistent with her conclusion that Plaintiff cannot maintain attention and concentration (a limitation in the ability to stay on task); (5) because Dr. Blackwell "essentially adopts Dr. Loomis's report," Plaintiff's arguments concerning Dr. Loomis's opinion also apply to Dr. Blackwell's opinion, (6) the Magistrate Judge

---

[3] Specifically, Plaintiff argues that Dr. Loomis's conclusions that Plaintiff "cannot maintain attention and concentration," "cannot perform context tasks independently or with supervision," "cannot make appropriate decisions," and "cannot appropriately deal with stress" (Tr. 266) "directly support" Dr. Russell's opinion that Plaintiff is "very limited" in his abilities to maintain attention/concentration, interact appropriately with others, and function in a work setting at a consistent pace. (Dkt. No. 20 at 4.)

erred in finding that the ALJ properly accounted for Plaintiff's intellectual and cognitive impairments in determining Plaintiff's RFC because the ALJ "entirely omit[ted] discussion of" these impairments; and (7) the Magistrate Judge improperly applied *McIntyre v. Colvin*, 758 F.3d 146 (2d Cir. 2014), because Dr. Loomis did not opine that Plaintiff's ability to work was unaffected by his inability to maintain attention and concentration, and the record does not contain substantial evidence supporting such a conclusion. (Dkt. No. 20, at Points I-VII.)

## II. APPLICABLE LEGAL STANDARDS

### A. Standard Governing Review of Report-Recommendation

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[4] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first

---

[4] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

instance.[5] Similarly, a district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007

---

[5] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

(2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[6] Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*[7]

After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

B.   **Standard Governing Judicial Review of Defendant's Decision**

Because the parties have not objected to Parts III.A. and III.B. of the Report-Recommendation, which correctly recites the legal standard governing judicial review of

---

[6] *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[7] *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

Defendant's decision, that standard is incorporated by reference in this Decision and Order, which (again) is intended primarily for the review of the parties. (Dkt. No. 19, at Parts III.A. and III.B.)

## III. ANALYSIS

After carefully reviewing all of the papers in this action, including Magistrate Judge Carter's Report-Recommendation, the Court concludes that Magistrate Judge Carter's Report-Recommendation is correct in all respects. (Dkt. No. 19.) Magistrate Judge Carter employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (*Id.*) As a result, the Court accepts and adopts the Report-Recommendation. To those reasons, the Court adds the following analysis.

Plaintiff's first six arguments are, in essence, a challenge to the Report-Recommendation's conclusions that the ALJ (a) correctly applied the treating physician rule in affording reduced weight to Dr. Russell's opinion and in concluding that the record contained substantial contrary evidence (including Plaintiff's reported daily activities and Dr. Russell's own treatment notes, which reflected that Plaintiff showed improvement and was ultimately discharged from treatment), and (b) properly considered the evidence and assessed the opinions of Dr. Russell, Dr. Loomis, and Dr. Blackwell in formulating Plaintiff's mental RFC.[8] (Dkt. No. 20, Points I-VI.) As a result, the vast majority of Plaintiff's challenge merely reiterates arguments presented in his brief. (*Compare* Dkt. No. 20 [Plf.'s Obj.] *with* Dkt. No. 9 [Plf.'s

---

[8] The Court notes that in neither his brief nor his objections does Plaintiff challenge the ALJ's findings of fact or conclusions of law with respect to (1) the physical component of the ALJ's RFC determination, or (2) the credibility to be afforded to Plaintiff's subjective complaints (which the ALJ found not fully credible [Tr. 19]).

10

Brief].) As a result, these findings of fact and conclusions of law are subject to only a clear-error review. *See, supra,* Part II.A. of this Decision and Order. The Court finds that they survive that review, for the reasons stated in the Report-Recommendation (and Defendant's brief). *See, supra,* Parts I.B. and I.C. of this Decision and Order. In the alternative, the Court concludes that the Magistrate Judge's findings of fact and conclusions of law would also survive *de novo* review. Simply stated, although the record contained some conflicting evidence with regard to the extent of Plaintiff's mental impairments, under the circumstances, the ALJ's weighing of that conflicting evidence and determination of Plaintiff's RFC does not warrant remand.[9]

Similarly, Plaintiff's seventh argument merely rehashes arguments presented in his brief. (*Compare* Dkt. No. 20 [Plf.'s Obj.] *with* Dkt. No. 9 [Plf.'s Brief].) As a result, the Magistrate Judge's findings of fact and conclusions of law with respect to this argument (i.e., that substantial evidence supported the ALJ's RFC determination, "despite [Plaintiff's] limitations in

---

[9] The Court notes that, to the extent that Plaintiff argues that "the issue[] of work skill level (i.e., simple tasks)" is an issue "distinct" from that of maintaining attention and concentration, his argument is well-taken. (Dkt. No. 20 at 9.) However, the ALJ adequately explained his basis for concluding that the restrictiveness of certain of Dr. Loomis's characterizations in his medical source statement (i.e., that Plaintiff "cannot maintain attention and concentration," "cannot perform complex tasks independently or with supervision," "cannot make appropriate decisions, and "cannot appropriately deal with stress") was inconsistent with other record substantial evidence, including Dr. Loomis's mental status examination (in which he opined, *inter alia*, that Plaintiff's ability to maintain attention and concentration was mildly impaired). (Tr. 21.) Accordingly, the Court cannot conclude that, in determining Plaintiff's RFC, the ALJ conflated the issues of work skill level and the ability to maintain attention and concentration. *See generally, e.g., Pough v. Comm'r of Soc. Sec.*, 10-CV-1547, 2012 WL 4490892, at *6 (N.D.N.Y. Sept. 28, 2012) (Treece, M.J.) (concluding that the ALJ properly accorded little weight to a state agency consultative examining psychiatrist because it was both internally inconsistent with the psychiatrist's own mental status examination and inconsistent with treatment notes and other record evidence).

concentration, persistence, and pace, and any limitation in dealing with stress" [Dkt .No. 19 at 19]), are subject to only a clear-error review, and the Court concludes that they survive that review for the reasons stated in the Report-Recommendation (and Defendant's brief). *See, supra,* Parts I.B. and I.C. of this Decision and Order. With respect to this argument, the Court would add only two points.

First, "Step Four findings need only 'afford an adequate basis for meaningful judicial review, apply the proper legal standards, and be supported by substantial evidence such that additional analysis would be unnecessary or superfluous.'" *McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014) (quoting *Chichocki v. Astrue*, 729 F.3d 172, 177 [2d Cir. 2013]). As more fully set forth in the Report-Recommendation, Defendant's brief, and the ALJ's decision, at Step Four, the ALJ thoroughly reviewed the record evidence, including (1) Plaintiff's testimony regarding his subjective complaints, mental health treatment, daily activities and hobbies, and work history (which terminated because of a physical injury, and not a mental impairment), (2) mental health treatment notes and records, (3) the opinions of Dr. Russell, Dr. Loomis, and Dr. Blackwell, and (4) the medical source statement of Smith, a licensed clinical social worker. (Tr. 18-22.) Although the ALJ's RFC determination did not explicitly include certain non-exertional functional limitations, it provided an adequate basis for review and was supported by substantial evidence.

Second, although the ALJ's hypothetical question to the VE (which tracked the RFC determination)[10] also did not make specific mention of Plaintiff's limitations with respect to

---

[10] The hypothetical question that the ALJ posed to the VE was as follows:

I'd like you to consider a person of the same age, the same

maintaining attention and concentration, the ALJ's Step Five determination was supported by substantial evidence.[11] "[A]n ALJ's failure to incorporate non-exertional imitations in a hypothetical (that is otherwise supported by evidence in the record) is harmless error if (1) 'medical evidence demonstrates that a claimant can engage in simple, routine tasks of skilled or unskilled work despite limitations in concentration, persistence, and pace,' and the challenged hypothetical is limited 'to include only unskilled work,' or (2) the hypothetical 'otherwise implicitly account[ed] for a claimant's limitations in concentration, persistence, and pace[.]'" *McIntyre v. Colvin*, 758 F.3d 146, 152 (2d Cir. 2014) (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 [11th Cir. 2011]). Here, the Court can find no clear error (or any error) in

---

> vocational background as the claimant; he has GED, no other experience except for those two jobs that I've listed. I want you to assume that
> this person is limited to the full range of medium work, so he could perform work at the medium, light, or sedentary level. He's capable of the essential tasks of unskilled work, however, can have no more than occasional social contact with co-workers and supervisors, but can have frequent contact with the general public. Would such a person be able to perform any of the claimant's past work[?]

(Tr. 67.)

[11] At Step Three, the ALJ found that Plaintiff had moderate difficulties with regard to concentration, persistence, or pace. (Tr. 17.) In support of this finding, the ALJ explained that (1) Plaintiff's treatment notes reflected that he "consistently reported stress related to his girlfriend, parents, and children," (2) Plaintiff obtained his GED, but had a history of special education, (3) Plaintiff obtained a full-scale IQ score of 71, and (4) Plaintiff's hobbies included watching television, performing research on the internet, and using computers and cellular phones. (*Id.*) In determining Plaintiff's RFC, the ALJ determined that Plaintiff is "limited to unskilled work with no more than occasional social contact with co-workers and supervisors and frequent social contact with the general public." (Tr. 18.) In his brief, Plaintiff argued that the RFC limiting him to unskilled work was insufficient to account for his moderate difficulties maintaining attention and concentration and dealing with stress. (Dkt. No. 9 at 16-17.)

13

Magistrate Judge Carter's conclusion that the ALJ's determination that Plaintiff can perform unskilled work, as well as the ALJ's similarly limited hypothetical question to the VE, was supported by substantial evidence.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Carter's Report-Recommendation (Dkt. No. 19) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 17) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 9) is **DENIED**; and it is further

**ORDERED** that the Commissioner's decision is **AFFIRMED** and Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated: March 28, 2017
      Syracuse, New York

                                        HON. GLENN T. SUDDABY
                                        United States District Judge